JAMES O. ADKINS AND JOYCE R. ADKINS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Adkins v. Commissioner
Docket No. 24124-81.
United States Tax Court
T.C. Memo 1983-506; 1983 Tax Ct. Memo LEXIS 278; 46 T.C.M. (CCH) 1166; T.C.M. (RIA) 83506; August 22, 1983. James O. Adkins and Joyce R. Adkins, pro se. James E. Grey, for the respondent. KORNER
MEMORANDUM FINDINGS OF FACT AND OPINION KORNER, Judge: Respondent determined a deficiency in petitioners' Federal income tax for 1978 of $5,687 and imposed additions to tax in the amount of $2,843.50 under section 6653(b). [1] In his answer, respondent asserted that in the event petitioners are not liable for additions to tax under section 6653(b), then additions to tax should be imposed under section 6653(a) in the amount of $284.35. Prior to trial, respondent moved for *279 partial summary judgment with respect to the underpayment of tax, which this Court granted. At trial, respondent conceded the issue of additions to tax under section 6653(b). The sole issue for decision is therefore whether petitioners are liable for an addition to tax under section 6653(a). Although respondent asserted this addition to tax for the first time in his answer, the claim is proper under section 6214(a). However, under Rule 142(a), respondent bears the burden of proof on this issue. . Some of the facts have been stipulated. The stipulation of facts, together with the attached exhibits are incorporated herein by this reference. Petitioners, James O. Adkins (hereinafter "James") and Joyce R. Adkins (hereinafter "Joyce"), husband and wife, are individuals who resided at Germanton, North Carolina, at the time the petition herein was filed. For the taxable year 1978, petitioners filed a joint income tax return with *280 the Internal Revenue Service without disclosing the aggregate amount of income they received in the form of wages. [2] James read the Form 1040 instructions which stated that wages are income subject to Federal income tax and also read section 61(a), which defines gross income as "all income from whatever source derived, including (but not limited to) the following items: (1) compensation for services * * *." Petitioners nevertheless did not report their wage income, preferring to rely on their theory that compensation for labor is not income. For the previous taxable years 1975 and 1976, petitioners reported amounts received as income from wages and enclosed their respective Forms W-2 from the same employers. In preparation of their returns, petitioners had consulted with J. A. Boles, James' sister and a certified public accountant.For the taxable year 1978, petitioners also consulted with J. A. Boles, and revealed to her their belief that wages are not subject to Federal income tax. J. A. Boles informed *281 petitioners that this view was contrary to established legal theory, and refused to prepare petitioners' return on this basis. Petitiners therefore prepared their own 1978 return. On petitioners' Form 1040 for the taxable year 1978, next to the description "wages, salaries, tips and other employee compensation," petitioners placed no amount but instead inserted "see attached 188 pages." The attached 188 pages did not disclose the amount of petitioners' gross income from wages, salaries, tips and other employee compensation, but solely contained frivolous tax protester materials. Petitioners did not enclose any Forms W-2 and indicated their tax liability at zero. In its partial summary judgment previously rendered in this case, this Court found that petitioners received wages during 1978 in the amount of $28,803.53, that these wages were subject to Federal income tax, and that petitioners failed to pay the tax due thereon. Petitioners thus underpaid their 1978 Federal income taxes by $5,687. Section 6653(a) authorities the imposition of an addition to tax if any part of any underpayment is due to negligence or intentional disregard to rules and regulations. It is clear that *282 petitioners have underpaid their taxes for 1978. The only question to be resolved, therefore, is whether this underpayment was due to negligence or an intentional disregard of rules and regulations. Petitioners claim that it was not. They contend that their failure to report their wage income was the result of an honest and legitimate misinterpretation of the law, and not the result of an intentional or negligent act on their part. These contentions are contradicted by the established facts in this case. Petitioners allege that they did not report their wages on their 1978 Form 1040 because they believed that wages were not income subject to the Federal income tax. It is clear from the record, however, that this belief was neither an honest nor a legitimate one. James conceded that he had read the Form 1040 instructions which require wages to be reported, and that he had read the Internal Revenue Code, noting that section 61(a) states that gross income includes "income from whatever source derived," but he nevertheless refused to disclose petitioners' wages. Petitioners even admit that they refused to take the advice of their accountant who, after petitioners revealed their *283 intentions to exclude wage income, advised them that their position was contrary to established law. Thus, petitioners deliberately disregarded the requirements embodied within the Form 1040 instructions and the income tax rules and regulations, and petitioners' contention that they did not intentionally disregard such rules and regulations is patently false. It has been held, time and time again, that any argument that wages do not constitute taxable income is completely without merit and frivolous. ; , affd. ; . Petitioners' actions were based merely on a self-serving interpretation of the law which can no longer be considered reasonable. Petitioners clearly acted in intentional disregard for the income tax rules and regulations. Accordingly, we find that respondent has met his burden of proof, and hold that petitioners are subject to an addition to tax pursuant to the provisions of section 6653(a), as determined by respondent. , *284 affg. ; .
To reflect the foregoing, as well as respondent's concession of additions to tax under section 6653(b), Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect in the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. James was an employee of Piedmont Aviation, Inc., and Joyce was employed by R.J. Reynolds Tobacco Co. In 1978, their wages were $15,305 and $13,503.53, respectively.↩